IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:14CR130-1 |
| v. | : | |
| THOMAS EARL TILLEY | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Ripley Rand, United States Attorney for the Middle District of North Carolina, and the defendant, THOMAS EARL TILLEY, in his own person and through his attorney, James E. Quander, and state as follows:

1. The defendant, THOMAS EARL TILLEY, is presently under Indictment in case number 1:14CR130-1, which in Count One charges him with a violation of Title 26, United States Code, Section 7212(a), attempt to interfere with administration of internal revenue laws by corrupt or forcible means; and which in Count Two charges him with a violation of Title 26, United States Code, Section 7201, attempt to evade or defeat tax.

2. The defendant, THOMAS EARL TILLEY, will enter a voluntary plea of guilty to Count One of the Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

a. The defendant, THOMAS EARL TILLEY, understands that the maximum term of imprisonment provided by law for Count One of the Indictment herein is not more than three years, and the maximum fine for Count One of the Indictment herein is $5,000. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, THOMAS EARL TILLEY, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

b. The defendant, THOMAS EARL TILLEY, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than one year after imprisonment, pursuant to Title 18, United States Code, Section 3583.

c. The defendant, THOMAS EARL TILLEY, also understands that as to Count One of the Indictment herein, the Court shall order, in addition to any other penalty authorized by law, that the defendant make restitution to any person directly harmed by the defendant's conduct in the course of the scheme set out in paragraphs 1 through

74 in Count One, pursuant to Title 18, United States Code, Section 3663A.

d. The defendant, THOMAS EARL TILLEY, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

e. The defendant, THOMAS EARL TILLEY, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, THOMAS EARL TILLEY, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States.

3. By voluntarily pleading guilty to Count One of the Indictment herein, the defendant, THOMAS EARL TILLEY, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, THOMAS EARL TILLEY, is going to plead guilty to Count One of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

    a. Upon the acceptance by the Court of a guilty plea by the defendant, THOMAS EARL TILLEY, to Count One of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States of America will not oppose a motion to dismiss the remaining count of the Indictment as to the defendant, THOMAS EARL TILLEY. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

    b. It is understood that if the Court determines at the time of sentencing that the defendant, THOMAS EARL TILLEY, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a)

4

of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

6. The defendant, THOMAS EARL TILLEY, agrees to the following with respect to financial disclosures, monetary penalties, forfeiture and restitution:

    a. To pay full restitution, regardless of the resulting loss amount, to the Internal Revenue Service. Said restitution shall include all "relevant conduct," including conduct pertaining to any dismissed counts or uncharged conduct, as defined by U.S.S.G. § 1B1.3, regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. The defendant understands that such restitution will be included in the Court's Order of Judgment and an unanticipated amount of a restitution order will not serve as grounds to withdraw the defendant's guilty plea.

    b. The defendant agrees to include a request that the Clerk of Court send all information concerning restitution payments, along with the defendant's payments, to the Internal Revenue Service at the following address: IRS-RACS, Attn: Mail Stop 6261, Restitution, 333 W. Pershing Ave., Kansas City, MO 64108.

c. The defendant agrees to make full disclosure of all current and projected assets to the U.S. Probation Office immediately, as well as prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. This disclosure shall include co-mingled assets or assets held in the names of third parties.

d. The defendant agrees to truthfully complete under penalty of perjury within thirty days of the execution of this Plea Agreement a financial statement provided by the U.S. Attorney's Office and to update the statement with material changes within seven days of the change.

e. The defendant agrees that he is liable for the fraud penalty under 26 U.S.C. § 6663 or 6651(f) on the amount to be credited as taxes due and owing, including all relevant conduct, as discussed in Paragraph 6a.

f. The defendant understands that nothing in this agreement or in any judgment, order, release, or satisfaction issued in connection with this agreement shall preclude or restrict the Internal Revenue Service's ability to collect the balance of any civil liabilities, including taxes, penalties, and interest owed to the Internal Revenue Service for the time period(s) covered by this agreement or any other time period.

g. The defendant understands that monetary penalties imposed by the Court will be (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

7. The defendant, THOMAS EARL TILLEY, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

8. It is further understood that the United States and the defendant, THOMAS EARL TILLEY, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

9. The defendant, THOMAS EARL TILLEY, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of

sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

10. No agreements, representations, or understandings have been made between the parties in this case other than those which

are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 21 day of November, 2014.

_____  
RIPLEY RAND  
United States Attorney

_____  
TODD P. KOSTYSHAK  
NCSB # 39830  
DOJ Tax Trial Attorney

_____  
JAMES E. QUANDER  
Attorney for Defendant

_____  
THOMAS EARL TILLEY  
Defendant

_____  
FRANK J. CHUT, JR.  
NCSB # 17696  
Assistant United States Attorney

    101 S. Edgeworth St.  
    Greensboro, NC 27401

    336/333-5351

9