IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA )
)
v. ) 1:14CR130-1
)
THOMAS EARL TILLEY )

## JUDGMENT AND COMMITMENT
### Supervised Release Violation Hearing

On March 21, 2019, a hearing was held on a charge that the Defendant had violated the terms and conditions of supervised release as set forth in the Court's Judgment filed in the above-entitled case on October 20, 2015, a copy of which is attached hereto and incorporated by reference into this Judgment and Commitment.

The Defendant was represented by Brian Michael Aus, Attorney.

The Defendant was found to have violated the terms and conditions of his supervised release. The violation(s) as follows were willful and without lawful excuse.

Violation 1. Defendant admitted that he failed to make monthly restitution payments of $5,000.00 per month until paid in full with the first payment due on April 23, 2018, as ordered by the Court.

**IT IS ORDERED** that the Defendant's supervised release is revoked.

**IT IS FURTHER ORDERED** that the Defendant is committed to the custody of the Bureau of Prisons for a term of thirty (30) days. That sentence is to be followed by eleven (11) months of supervised release. Supervised Release is reimposed on the same terms and conditions as were previously imposed.

The Defendant is remanded to the custody of the United States Marshal.

This the 21st day of March, 2019.

_____
United States District Judge

# United States District Court
## Middle District of North Carolina


FILED
OCT 2 0 2015
Clerk U.S. District Court
Greensboro, NC
BY

UNITED STATES OF AMERICA

v.

THOMAS EARL TILLEY

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 1:14-CR-00130-1

USM Number: 30200-057

James Edward Quander
Defendant's Attorney

## THE DEFENDANT:

☒ pleaded guilty to count 1.
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

**The defendant is adjudicated guilty of these offenses:**

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26:7212(a) and 18:2 | Forcible Interference with Administration of Internal Revenue Laws | 12/31/2010 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☒ Count 2 is dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

September 21, 2015
Date of Imposition of Judgment

*William L. Osteen, Jr.*
Signature of Judge

William L. Osteen, Jr., Chief United States District Judge
Name & Title of Judge

OCT 2 0 2015
Date

DEFENDANT: THOMAS EARL TILLEY
CASE NUMBER: 1:14-CR-00130-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **32 months.**

☒ The court makes the following recommendations to the Bureau of Prisons: that the Defendant be designated as close as possible to his home in Orange County, North Carolina.

☐ The defendant is remanded to the custody of the United States Marshal.

☒ The defendant shall surrender to the United States Marshal for this district or to the institution designated by the Bureau of Prisons.

  ☒ at 12:00 pm on November 2, 2015.

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 pm on .

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

BY

DEPUTY UNITED STATES MARSHAL

DEFENDANT: THOMAS EARL TILLEY
CASE NUMBER: 1:14-CR-00130-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **one (1) year.**

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*
- ☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. *(Check, if applicable.)*
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*
- ☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: THOMAS EARL TILLEY
CASE NUMBER: 1:14-CR-00130-1

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide any requested financial information to the probation officer.

The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

The defendant shall notify the probation officer of any material change in his economic circumstances that might affect his ability to pay restitution, a fine or the special assessment.

AO 245B (NCMD Rev. 09/11) Sheet 5 - Criminal Monetary Penalties

Case 1:14-cr-00130-WO   Document 60   Filed 10/20/15   Page 4 of 6
Case 1:14-cr-00130-WO   Document 115   Filed 03/21/19   Page 6 of 8

DEFENDANT: THOMAS EARL TILLEY
CASE NUMBER: 1:14-CR-00130-1

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine  | Restitution              |
|--------|-----------|-------|--------------------------|
| TOTALS | $100.00   | $.00  | $7,676,757.00 * (see below) |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

Restitution of $7,676,757.00 * (see below)

    To: Internal Revenue Service – RACS
        Attn: Mail Stop 6261, Restitution
        333 W. Pershing Ave.
        Kansas City, MO 64108

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the     ☐ fine     ☐ restitution.

    ☒ the interest requirement for the     ☐ fine     ☒ restitution is modified as follows: **Interest is waived pursuant to 18 U.S.C. 3612(f)(3).**

\* **The total amount of restitution is apportioned to specific tax years as follows:**

| Year | Amount |
|------|--------|
| 2000 | $ 583,467.00 |
| 2001 | $ 2,773,764.00 |
| 2005 | $ 139,384.00 |
| 2006 | $ 1,376,869.00 |
| 2007 | $ 519,681.00 |
| 2008 | $ 822,146.00 |
| 2009 | $ 164,000.00 |
| 2010 | $ 1,194,974.00 |
| 2011 | $ 56,622.00 |
| 2012 | $ 23,953.00 |
| 2013 | $ 21,897.00 |

Grand Total $ 7,676,757.00

DEFENDANT: THOMAS EARL TILLEY
CASE NUMBER: 1:14-CR-00130-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒  Lump sum payment of $ 7,676,857.00 due immediately, balance due

☐ not later than _____ , or

☒ in accordance with ☐ C, ☒ D, ☐ E, or ☐ F below; or

B ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐  Payment in equal _____ (e.g. weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☒  Payment in equal monthly installments of $ 5,000.00 to begin 60 days after the commencement of the term of supervised release and continuing during the entire term of supervised release or until paid in full; * **To the extent the defendant has paid restitution to the United States in the amount of $6,000,000.00 prior to the commencement of the term of supervised release, monthly payments shall be reduced to $1,000.00 a month to begin 60 days after the commencement of the term of supervised release and continuing during the entire term of supervised release or until paid in full.**

E ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐  Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, United States District Court for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401-2544, unless otherwise directed by the court, the probation officer, or the United States Attorney. **Nothing herein shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names, Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.


☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

**Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.**